UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BENJAMIN NASH, PRO SE | : |
| *Plaintiff* | : PRISONER |
| | : Case No. 3:03cv1051(CFD)(WIG) |
| v. | : |
| | : |
| ROBERT BERGER, et al. | : |
| *Defendants* | : NOVEMBER 18, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Robert Berger, John Ryan Ph.D., Janet Williams, M.D., Silvia Cancela and Susan Blair, all named defendants, respectfully submit this memorandum of law in support of their motion to dismiss.

### I. Statement of Relevant Facts as Alleged[1]

The pro se plaintiff has brought this action against the defendants in their official capacity under 42 U.S.C. § 1983 ("Section 1983") and 28 U.S.C. 2201 ("Declaratory Judgment Act"). The plaintiff was acquitted of the charge of murder on the ground of mental disease or mental defect and on May 5, 1986 was committed to the jurisdiction of the Connecticut Psychiatric Security Review Board ("PSRB") for a period of time not to exceed the plaintiff's life. Since being committed to the jurisdiction of the PSRB, the plaintiff has been confined in a maximum security facility; Whiting Service of Connecticut Valley Hospital ("Whiting") and in a maximum security setting within Whiting. Conn. Gen. Stat. § 17a-585 provides for a periodic review of an acquittee's status. At all times relevant to the complaint, the defendants served as members of

---

[1] When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court will assumed that the allegation of the complaint are true and all reasonable inferences are drawn in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236-237 (1974). Accordingly, although the defendants dispute the plaintiff's allegations, the facts, as alleged, will be assumed to be true for the purposes of this memorandum.

the PSRB. The PSRB, pursuant to Conn. Gen. Stat. § 17a-585, held hearings to review the plaintiff's status on December 20, 2002 and on April 25, 2003. Thereafter the defendants issued a decision on May 23, 2003 ordering that the plaintiff remain confined in Whiting under maximum security conditions.

The plaintiff alleges that the defendants' decision violated his rights under the Americans with Disabilities Act ("ADA") and the 14th Amendment to the United States Constitution by making findings, after a hearing pursuant to Conn. Gen. Stat. §17a-585, that he should remain confined to a maximum security facility because he was so violent. Specifically, the plaintiff alleges that the defendants' findings were not supported by any evidence in the record and that this violates both the ADA and the Fourteenth Amendment of the United States Constitution. The plaintiff also alleges that he is a individual with a qualified disability and that his confinement in a maximum security setting is not the least restrictive environment necessary thereby depriving him of access to services, programs, rights, privileges and opportunities enjoyed by others in violation of Title II of the ADA. The plaintiff seeks only equitable relief. The plaintiff asks the court to declare that his confinement in a maximum security setting is discriminatory, deprives him of the benefit of services and programs and activities in the most integrated and least restrictive setting in violation of the ADA and the 14th Amendment.

The defendants respectfully move that this case be dismissed on the following grounds: (1) lack of subject matter jurisdiction under the Eleventh Amendment to the U.S. Constitution; (2) lack of subject matter jurisdiction because each of the defendants is entitled to absolute immunity and (3) for failure of the complaint to state a claim upon which relief can be granted.

## II. Legal Arguments

### A. The Court Lacks Subject Matter Jurisdiction Over the Complaint

#### 1. The Plaintiff's Action Against the State Defendants is Barred by the Eleventh Amendment of the U.S. Constitution

The plaintiff has brought this federal civil action against the defendant PSRB board members in their official capacity seeking declaratory relief because the actions of the defendants have violated the laws and Constitution of the United States. [3]

It is well settled that the Eleventh Amendment to the United States Constitution prohibits a party from suing a state for any relief in federal court. *Edelman v. Jordan,* 415 U.S. 651, 662, (1974); *Minotti v. Lensink,* 786 F.2d 83, 89-90 (2d Cir. 1986). See also *Atlantic Healthcare Benefits Trust v. Googins,* 2 F.3d 1, 4 (2d Cir. 1993). Similarly, it is also well settled that a suit against a state official in his official capacity is in reality a suit against the state. As Justice Marshall remarked in *Kentucky v. Graham,* 473 U.S. 159 (1985), "[o]fficial-capacity suits... 'generally represent only another way of pleading an action against an entity of which an officer is an agent,'" *Id.* at 165 (quoting *Monell v. New York City Dep't. of Social Services,* 436 U.S. 658, 690, n.55, (1978)(Emphasis added). See also *Hafer v. Melo,* 502 U.S. 21 (1991); *Edelman v. Jordan,* 415 U.S. 614, 677 (1974); *Hawaii v. Gordon,* 373 U.S. 57, 58 (1963)("The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."); *Dugan v. Rank,* 372 U.S. 609, 620 (1963) (suit against

---

[3] As a general rule, if a Rule12(b)(1) motion challenges subject matter jurisdiction facially -- i.e., based on the sufficiency of the pleadings--the allegations in the pleadings are taken as true and construed in the most favorable light for the complainant." *David Fisher v. Federal Bureau of Investigation,* 94 F.Supp.2d 213, 215 (D.Conn. 2000), citing *Atlantic Mut. Ins. Co. V. Valfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir. 1992).

3

officials is, in fact, suit against state sovereignty if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration.") (emphasis added); *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 473 (1945) ("We are of the opinion that petitioner's suit in the instant case against the department and the individuals as the board constitutes an action against the State of Indiana."); *Galvin v. Lloyd*, 663 F.Supp. 1572, 1581 (D. Conn. 1987).

The only exception to this bar to suits against a state are claims against state officers for prospective injunctive relief based on an allegation of a federal constitutional violation. See *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 121 (1984); *Ex parte Young*, 209 U.S. 123 (1908). This exception does not extend to claims for monetary damages or *any* other form of retroactive relief. (Emphasis added) *Pennhurst*, 465 U.S. at 105 (declining "to extend the fiction of *Young* to encompass retroactive relief, for to do so would effectively eliminate the constitutional immunity of the State).

Here, the plaintiff has named the defendants in their official capacity and seeks a declaration that their past actions violate federal law. The plaintiff alleges that the defendants conducted hearings on December 20, 2002 and April 23, 2003 to review his status and issued a decision confining the plaintiff in a maximum security setting based upon a finding that the plaintiff was violent. The plaintiff asks this court to declare that the defendants' decision based on the December 2002 and April 2003 hearings violate the ADA and the 14th Amendment of the U.S. Constitution. The declaratory relief the plaintiff seeks runs afoul of the Eleventh Amendment as it is against the State through the defendant state officials and does not fall within the exception to the doctrine; i.e. seeking prospective injunctive relief against state officials for alleged violations of the federal constitution. See *Pennhurst State School and Hosp. v.*

4

*Halderman*, 465 U.S. 89, 121 (1984); *Ex parte Young*, 209 U.S. 123 (1908). Indeed, the plaintiff seeks a declaration regarding a *prior* action of the defendants and is therefore impermissibly seeking a form of retroactive relief. See *Community Health Care Association v. Mindeparle*, 69 F.Supp.2d 463, 476-467 (S.D.N.Y. 1999)(citing *Green v. Mansour*, 474 U.S. 64, 72 (1985) (barring retroactive declaratory relief). The bar of the Eleventh amendment is one of subject matter jurisdiction. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99 n.8 (1984). The court must therefore dismiss this action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

### 2. The Claims Against the Defendants are Barred by the Doctrine of Absolute Immunity

It is well settled that officials acting in a judicial capacity are entitled to absolute immunity against Section 1983 actions. *Clevenger v. Saxner*, 474 U.S. 193, 199-200 (1985); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). "This immunity also extends to administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is functionally comparable to that of a judge.'" *Id.*(quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)). In determining if the procedures an agency uses are "sufficiently similar to judicial process to warrant a grant of absolute immunity, we employ a 'functional approach'". *DiBlasio v. Novello*, 344 F.3d 292, 297 (2003)(citing *Cleavinger v. Saxner*, 474 U.S. 193, 201-02 (1985) (internal quotations omitted). "Once a court determines that an official was functioning in a core judicial or prosecutorial capacity, absolute immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff'". *DiBlasio*, 344 F.3d at 297 (quoting *Clevenger*, 474 U.S. 199-200). Absolute immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). As the

5

defendants were acting in a judicial capacity absolute immunity applies and the plaintiff's action is barred.

The Second Circuit Court of Appeals, in *Scotto v. Almenas,* 143 F.3d 105 (2d Cir. 1998) held that "[p]arole board officials are entitled to absolute immunity when they "perform judicial functions." *Id.* at 111. The *Scotto* court further concluded that a parole board member is absolutely immune from damages when he "decides to grant, deny, or revoke parole, 'because this task is functionally comparable to that of a judge.'" *Id.* (quoting *Sellars v. Procunier,* 641 F.2d 1295, 1303 (9th Cir. 1981). This conclusion was reached again in *Montero v. Travis,* 171 F.3d 757, 760 (1999). The *Montero* court, however, noted that in addition to barring the plaintiff's Section 1983 claim for damages, the 1996 amendments to the language 42. U.S.C. § 1983 precluded injunctive relief against judicial officers unless a declaratory decree has been violated or there is a claim that declaratory relief is unavailable. *Montero,* 171 F.3d at 761(1999)(citing *Federal Courts Improvement Act of 1996,* § 309(c), Pub. L. No. 104-317, 100 Stat. 3847, 3853 (1996)).

At all times relevant to the complaint, the defendants served as members of the PSRB. The PSRB was established pursuant to Conn. Gen. Stat. § 17a-581 and was charged with jurisdiction over acquittees. Conn. Gen. Stat. § 17a-580(1) defines acquittees as persons found not guilty by reason of mental disease or defect pursuant to Conn. Gen. Stat. § 53a-13. The PSRB is required to periodically review the status of an acquittee and may take, after conducting a hearing where the acquittee is represented by counsel, one of three actions. *Conn. Gen. Stat. § 17b-585.* The PSRB may recommend to the committing court that the acquittee be discharged, or may order the acquittee conditionally released, or confined in a hospital for mental illness or placed with the Commissioner of the Department of Mental Retardation for custody, care and

treatment. *Conn. Gen. Stat. § 17b-584.* The actions that members of the PSRB are permitted to take, and which the defendants in this action exercised, are functionally identical to that of the parole boards cited by the *Scotto* and *Montero* courts. The defendants therefore are entitled to the cloak of absolute immunity granted to parole boards and their members. Although the plaintiff does not seek monetary damages, the plaintiff's claim for relief cannot survive as he has not made a claim for any permissible relief under Section 1983.

## II. The Complaint Fails to State A Claim Upon Which Relief Can Be Granted

The plaintiff has failed to allege sufficient facts upon which relief could be granted. "In considering a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations as true and draw reasonable inferences in the light most favorable to the plaintiff. *Easton v. Sundram*, 947 F.2d 1011, 1014-15 (2d Cir. 1991). Dismissal is appropriate only if there is no relief that can be granted under any set of facts the plaintiff can prove consistent with the allegations. *Fraser v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991). In ruling upon a 12(b)(6) motion, the court is allowed to consider documents that are referenced in the complaint or which the plaintiff relied upon. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Complaints filed by a pro se party are held to less stringent standards than those filed by lawyers. *Bodie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997). However, even a pro se party must "assert a cognizable claim and allege such facts that if true, would support such a claim." *Id.* at 860.

### A. The Complaint Fails to State a Claim Under Section 1983

The plaintiff has brought this action, in part, under Section 1983. "To assert a viable claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that the conduct complained of was committed by a *person* acting under color of state law; and (2) that the conduct deprived the plaintiff of clearly established rights privileges or immunities guaranteed by the federal

7

Constitution or laws of the United States." *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F.Supp.2d 204, 210 (D. Mass. 2000) (emphasis added) (internal citations omitted). It is well settled that "neither a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983. *Spencer v. Doe,* 139 F.3d 107, 111 (2d Cir.1998)(citing *Hafer v. Melo,* 502 U.S. 21, 26 (1991).

The plaintiff has named the defendants in their official capacity; not in their individual capacity. As the defendants are state officials they are not persons under Section 1983. The plaintiff therefore fails to state a claim upon which relief can be granted and his Section 1983 alleging 14th amendment violations must be dismissed.

### B. The Plaintiff is Not A Qualified Individual With A Disability Under Title II of the ADA

A prima facie case of discrimination under the ADA requires a plaintiff to demonstrate that:

> (1) they are "qualified individuals" with a disability; (2) that the defendants are subject to the ADA; and (3) that they were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by the defendants, by reason of plaintiff's disabilities.

*Henrietta v. Bloomberg,* 331 F.3d 261, 272 (2d Cir. 2003). A qualified individual with a disability under the ADA is one who "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *42 U.S.C. § 12131(2).* Here, the plaintiff cannot meet the first and third prongs of the prima facie case.

The plaintiff alleges that he is being confined in a maximum security setting in violation of Title II of the ADA. In support of this argument, the plaintiff quotes from testimony given by his treating psychiatrist at the December 20, 2002 PSRB hearing held by the defendants. (Compl. para.5). The plaintiff also argues that he has not been violent during his 17 years of confinement in a maximum security setting at Whiting. (Compl. para 7). Taken together, the plaintiff

8

appears to argue that because his treating psychiatrist indicated some progress in decreasing inappropriate behaviors and that he has not been violent that he is "qualified" to be in a less restrictive setting. This argument is without merit in that the testimony quoted by the plaintiff does not reflect the entire statement of his psychiatrist at the December 20, 2002 hearing.

The full December 20, 2002 testimony of the plaintiff's psychiatrist appears in the defendants memorandum of decision dated May 23, 2003 and states as follows:

> Mr. Nash has begun to make progress towards understanding his relationship with others and adapting to changes in his environment. He is able to stay on topic during groups and is able to delay his comments until called upon. Mr. Nash is on Step 5 of Whiting's privileging system, due to his involvement in activities where he demonstrates appropriate behaviors. His passive-aggressive behaviors, which are sometimes considered inappropriate, have decreased significantly. He remains focused on being transferred to Dutcher Service, but the hospital is not recommending transfer due to the fact that he has not been successful in learning about his potential for violence. When Mr. Nash gets angry, he considers violence as the choice to deal with his anger. This issue is being addressed in treatment, and hopefully Mr. Nash will be able to develop a range of options to reduce his anger and adjust his reactions to situations.

In short, the full text shows that the confinement in a less than maximum security setting was not recommended. The plaintiff was not qualified to be in a less secure setting and does meet the essential eligibility requirements to be in a less secure environment. The plaintiff therefore is not a "qualified individual" within the meaning of Title II of the ADA and his claims under this act must fail.

The third prong of the prima facie case under Title II of the ADA requires that the actions of a defendant be "by reason of the plaintiff's disability." *Henrietta,* 331 F.3d at 272. Here, the plaintiff does not allege that the actions of the defendants were because of his disability. Rather, the plaintiff alleges that the defendants made their decision to continue to confine him in a maximum security setting allegedly without any supporting evidence. As the plaintiff fails to allege that the defendants' actions were because of his disability he fails to state a claim upon

9

which relief can be granted and his Title II claims must be dismissed. See *Garcia v. S.U.N.Y. Health Services Center,* 280 F.3d 98, 113 (2d Cir. 2001).

### C. The Plaintiffs' Claim For Relief Under The Declaratory Judgment Act Cannot Be Granted

The Declaratory Judgment Act of 1934 , 28 U.S.C. § 2201, and Fed.R.Civ.P. 57, permit a federal court to "declare the rights of a party whether or not further relief is, or could be sought. Under this Act, declaratory relief may be available even though an injunction is not." *Community Health Care v. Mindeparle,* 69 F.Supp.2d 463, 471 (S.D.N.Y. 1999)(citing *Green v. Mansour,* 474 U.S. 64, 72 (1985). Whether or not to issue a declaratory judgment is within the sound discretion of the court. *Id.* However, the Eleventh Amendment and "applicable principles governing the issuance of declaratory judgments forbid the award of a declaration that state officials prior conduct violated federal law." *Community Health Care,* 69 F.Supp.2d at 471-472.

Here the plaintiff is seeking a declaration that the defendants prior conduct, namely the May 2003 decision to confine him in a maximum security setting violated federal law. This is not permissible and therefore the plaintiffs claims in this regard fail.

### III. Conclusion

For all the foregoing reasons, the defendants respectfully request that this action be dismissed.

10

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Richard J. Lynch
Assistant Attorney General

BY: _____
Emily V. Melendez
Assistant Attorney General
Federal Bar No. ct 21411
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385
Emily.Melendez@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 18th day of November, 2003, first class postage prepaid to:

Benjamin Nash
Whiting Forensic Institute
70 O'Brien Drive
Middletown, CT 06457

_____
Emily V. Melendez
Assistant Attorney General

11